# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2024

Lyle W. Cayce
Clerk

No. 24-40356
Summary Calendar

_____

Bobby B. Kirkendoll,

*Petitioner—Appellant*,

*versus*

Warden, *FCI Texarkana*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:23-CV-142

_____

Before Smith, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Bobby Kirkendoll, federal prisoner #12934-035, moves to proceed *in forma pauperis* ("IFP") to appeal the dismissal of his 28 U.S.C. § 2241 petition challenging the validity of his federal prosecution under the Interstate Agreement on Detainers ("IAD"). The district court determined that Kirkendoll was not entitled to relief because at the time the United States sought to commence prosecution, he was in the custody of the State of Louisiana,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

which was not a party to the IAD and thus was not subject to its terms; the court also determined that any appeal would not be taken in good faith. This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Before this court, Kirkendoll asserts that his arguments arose under Article V(g) of the IAD, which does not include a reference to "party states" and thus applies to all states regardless whether they adopted the IAD. His contention is unsupported by the plain language of the IAD. *See* 18 U.S.C. App. 2 § 2, Arts. II, V.

Kirkendoll does not make the requisite showing that he will present a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, theis motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.